UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                                            :
CATHY L. BROWN et al.,                   :    CASE NO. 5:05-CV-2901
                                                            :
        Plaintiffs,                      :
                                                            :    ORDER & OPINION
    vs.                                            :    [Resolving Doc. Nos. 1, 11]
                                                            :
PAYLESS SHOESOURCE, INC.,              :
                                                            :
        Defendant.                       :
                                                            :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Payless Shoesource, Inc. ("Payless") moves this Court for summary judgment. [Doc. 11]. Plaintiffs Cathy L. Brown and Gerald Brown oppose the motion. [Doc. 15]. Having considered the motion and evidence, this Court **GRANTS** the Defendant's summary judgment motion and **DISMISSES** the Plaintiffs' complaint.

I.  Background

Beginning in October 2003, Plaintiff Cathy Brown ("Brown") worked as a sales associate at a Payless shoe store in Canton, Ohio. [Doc. 1 at ¶¶ 1, 3]. On August 18, 2004, as Brown was closing the store, an armed man entered the store, placed a gun to her head, and demanded that she open the store's safe and give him the money inside. *Id*. at ¶ 3. Brown complied with the robber's demands and opened the safe, which was equipped with an electronic lock. *Id*. at ¶ 4. Earlier, Payless had told Brown that pressing the pound key on the lock's keypad would trigger a remote alarm. *Id*. Accordingly, Brown pushed the pound key during the robbery, believing that doing so would summon the police. *Id*. Payless had also given Brown a wireless device that, when activated, would alert the police that something was amiss in the store. [Doc. 13 at 20]. Brown did not activate

Case No. 5:05-CV-2901
Gwin, J.

the device during the robbery. *Id.*

After opening the safe, Brown put the cash in a shoe box and placed the box on the counter. [Doc. 13 at 35]. The robber then instructed Brown to open the cash register and, when she could not, he fled the store with the money from the safe. *Id.* at 36-37. Brown was not physically harmed during the robbery, which she estimates lasted two minutes. *Id.* at 42, 69.

The next day, on August, 19, 2004, Brown met with her supervisor, who informed her that Payless had disabled the safe's remote alarm feature at some point prior to the robbery. [Doc. 1 at ¶ 5]. Brown says that, upon learning that Payless disabled the alarm without informing her, she suffered "significant, serious, severe, and debilitating psychological or emotional injuries." *Id.* at ¶ 8. Brown alleges that her distress resulted from her belief that, by pressing the pound key when the signal had been disconnected, she subjected herself to increased risk of physical harm. *Id.* Brown further alleges that, had she known that the remote alarm had been disconnected, she either would have quit her job or conducted herself differently during the robbery. *Id.* at ¶ 6. Brown does not fault Payless for the actual robbery. [Docs. 13 at 24, 15 at 13-14].

In major part, Defendant Payless says that any psychological injuries incurred by Brown resulted from the robbery, not from its failure to tell Brown that it had disconnected the remote alarm. [Doc. 11 at 3]. Payless says Brown offers no cognizable evidence that her psychological damage proximately resulted from the lack of alarm connection. *Id.*

Brown has provided this Court with the Affidavit and Report of Michele Heberling, a Professional Counselor/Clinical Resident who treated Brown for post-traumatic stress disorder following the robbery. [Doc. 15 at Ex. B]. In her report, Heberling states that Brown "has discussed the trauma both of feeling 'intense fear' while having a gun pointed at her head and of feeling

-2-

Case No. 5:05-CV-2901
Gwin, J.

'betrayed and devastated' the next day when she was told that the alarm system had been disconnected." *Id*. According to Heberling, "[i]t is difficult to separate the two pieces of this experience." *Id*. Importantly, Psychologist Heberling does not give an expert opinion that Brown's learning that the remote alarm was disconnected was the proximate cause of any injury to Brown. *Id*.

In this law suit, Plaintiffs allege three causes of action against Payless, including negligence, fraudulent misrepresentation, and negligent infliction of emotional distress. [Doc. 1 at ¶¶ 11-19]. In addition, Plaintiffs seek punitive damages. *Id*. at ¶ 21. Finally, Plaintiffs raise, but do not plead, loss of consortium on the part of Brown's husband, Gerald. *Id*. at ¶ 9.

Payless denies all liability and has moved for summary judgment. [Doc. 11 at 1]. In response, Plaintiffs concede that they cannot sustain their claim for fraudulent misrepresentation because they cannot establish the element of intent. [Doc. 15 at 1-2]. Because Plaintiffs cannot show intent, this Court will not consider their fraudulent misrepresentation claim. Likewise, because Plaintiffs do not plead loss of consortium as a cause of action in their complaint and do not raise it elsewhere, this Court will not consider it here.

## II. Legal Standard

Summary judgment may not be granted unless all of the submissions to the court "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the burden of demonstrating the absence of a material factual question and, in making this determination, the court must view all facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party has

Case No. 5:05-CV-2901
Gwin, J.

asserted facts showing that the non-moving party's claims cannot be sustained, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on the "mere allegations or denials" of the moving party's pleading. FED. R. CIV. P. 56(e). The court has no duty to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989).

To establish actionable negligence, an Ohio plaintiff must show the existence of a duty, a breach of the duty, and an injury actually and proximately resulting from the breach. *See, e.g.*, *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St. 3d 677, 693 N.E.2d 271, 273 (1998). The existence of a duty depends on the foreseeability of the harm. *Id*. at 274. To show actual and proximate cause, an Ohio plaintiff must show that her injury is the "natural and probable consequence of the negligence alleged" and "should have been foreseen or anticipated" by the defendant. *Jeffers v. Olexo*, 43 Ohio St. 3d 140, 539 N.E.2d 614, 617-18 (1989) (citations omitted).

Under Ohio law, expert testimony is nearly always required to connect injuries to claimed negligent conduct. *Darnell v. Eastman*, 23 Ohio St. 2d 13, syllabus, 261 N.E.2d 114 (1970) ("Except as to questions of cause and effect which are so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such opinion. In the absence of such medical opinion, it is error to refuse to withdraw that issue from the consideration of the jury"); *Conde v. Velsicol Chem. Corp*., 804 F. Supp. 972, 994 (S.D. Ohio 1992) ("Under Ohio law, plaintiffs must establish a causal relationship between the tort alleged and the claimed physical injury by the opinion of medical witnesses competent to express such opinions").

-4-

Case No. 5:05-CV-2901
Gwin, J.

To succeed with a claim of negligent infliction of emotional distress, an Ohio plaintiff must show that she was in fear of physical consequences to her own person as the result of negligence, reasonably appreciated her actual physical peril, and suffered serious emotional distress as a result. *See, e.g.*, *Heiner v. Moretuzzo*, 73 Ohio St. 3d 80, 652 N.E.2d 664, 667-69 (1995). "Ohio case law has recognized negligent infliction of emotional distress only where there is cognizance of a real danger, not mere fear of nonexistent peril." *Id.* (citing *Criswell v. Brentwood Hosp.*, 49 Ohio App. 3d 163, 551 N.E.2d 1315, 1317-18 (1989)).

### III.  Analysis

Viewing the facts in the light most favorable to the Plaintiffs, the non-moving party, this Court finds that their claims fail as a matter of law.

Plaintiffs concede that Payless was not negligent regarding the robbery itself. Instead, they say that Payless was negligent because it failed to notify Brown that it had disconnected the remote alarm and this failure caused Brown emotional injury. Based on Brown's deposition testimony and Heberling's expert report, this Court does not find Payless liable for negligence.

Plaintiffs make out a sufficient showing that Payless owed Brown a duty to inform her of the change in its security procedure prior to the robbery. Duty centers upon foreseeable harm. Payless' disconnection of the alarm system without notice to employees could foreseeably lead to injury or damage to Payless' employees. Thus, Payless owed Brown a duty to advise her of the change in the status of the alarm system.

While Plaintiffs make out a showing that Defendant Payless owed them a duty of care, their claim fails because they do not show sufficient evidence to establish that any breach of duty proximately caused the psychological damage of which Brown complains.

Case No. 5:05-CV-2901
Gwin, J.

As noted above, the expert testimony of Psychologist Michele Heberling does not connect Brown's injuries to the claimed negligent conduct of Payless.  Although Plaintiffs offer Heberling's report to show that Payless may have contributed to Brown's emotional distress, Heberling does not give any opinion that Payless' failure to tell Brown that the alarm had been disconnected was the proximate cause of Brown's injuries.  In her report, Psychologist Heberling says:

> [Brown] was diagnosed at that time with Acute Posttraumatic Stress Disorder (PTSD). . . . I concurred with the initial diagnosis . . . PTSD generally occurs when an individual was exposed to an event that involved actual or threatened death, serious injury, or a threat to the physical integrity of self or others.  In Mrs. Brown's case this event involved her being robbed at gunpoint and her perception of subsequently feeling betrayed by employers in whom she had placed her trust. . . . Throughout treatment two separate components of the triggering event have been discussed. Mrs. Brown has discussed the trauma both of feeling "intense fear" while having a gun pointed at her head and feeling "betrayed and devastated" the next day when she was told that the alarm system had disconnected.  It is difficult to separate the two pieces of this experience, however, Mrs. Brown has expressed feeling that her subsequent perception of betrayal eliminated her ability to frame the robbery as a random uncontrollable tragedy and made her question her trust in most people in her life, not just strangers. [Doc. 15 at Ex. B].

Importantly, Psychologist Heberling never says that she shares Plaintiff Brown's opinion that the lack of knowledge of the disconnected alarm proximately contributed to Brown's psychological injuries.  Heberling says it is difficult to separate Brown's emotional distress caused by the robbery from that associated with Brown's conversation with her supervisor on the next day.  But Heberling does not say that it is her expert opinion that Payless' failure to inform Brown that it disconnected the remote alarm was the proximate cause of any injury suffered by Brown.  Without clear evidence that any action by Payless was the cause of injury to Brown, Plaintiffs' negligence claim fails as a matter of law.

Because Plaintiffs cannot establish Payless' negligence, they cannot prevail on their claim

Case No. 5:05-CV-2901
Gwin, J.

for negligent infliction of emotional distress.  As noted above, Ohio law recognizes negligent infliction of emotional distress "only where there is cognizance of a real danger, not mere fear of nonexistent peril."  *See Heiner*, 652 N.E.2d at 667-69.  Here, the robbery created the "real danger" to Brown.  Brown testifies that she feared for her life during the robbery.  Brown does not fault Payless for the robbery's occurrence.  Further, Brown acknowledges that she was not in danger on the next day when her supervisor told her of the disconnected alarm.  Thus, the "real danger" faced by Brown had subsided by the time she learned of the disconnected remote alarm.  As a result, Plaintiffs' claim for negligent infliction of emotional distress fails.

## IV.  Conclusion

For these reasons, this Court holds that Plaintiffs have not established genuine issues of material fact.  Accordingly, this Court **GRANTS** the Defendant's motion for summary judgment and **DISMISSES** the Plaintiffs' complaint.

IT IS SO ORDERED.


Dated: August 14, 2006                s/      *James S. Gwin*
                                      JAMES S. GWIN
                                      UNITED STATES DISTRICT JUDGE